UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONAS KISELIOVAS,

        Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

_____/

Case No. 2:16-cv-10823
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER DEEMING MOOT VDV PROPERTIES, INC.'S MOTION TO INTERVENE (DE 23) and DENYING VDV PROPERTIES, INC.'S AMENDED MOTION TO INTERVENE (DE 26)

Currently pending before the Court are: **(1)** intervenor VDV Properties, Inc.'s (hereinafter "VDV") March 29, 2018 motion to intervene (DE 23); **(2)** intervenor VDV's April 6, 2018 amended motion to intervene (DE 26), regarding which Defendant has filed a response (DE 29) and VDV has filed a reply (DE 30);[1] and, **(3)** Defendant's April 13, 2018 motion *in limine* to exclude testimony from Viktoriya Berezhnaya at trial (DE 28).

Judge Michelson has referred the motions to intervene to me for hearing and determination. (DEs 24, 27.) I conducted a telephonic status conference on April

---

[1] Defendant's April 13, 2018 response brief refers to Plaintiff's testimony (DE 29 at 9), the transcript of which has since been filed with the Court (DE 31), following a request from my Chambers.

3, 2018 (*see* DE 25), after which I issued an expedited briefing schedule, set a hearing for April 23, 2018, and adjourned the settlement conference then scheduled for April 5, 2018 to April 23, 2018.

On the date set for hearing, attorney Jo R. Davis appeared on Plaintiff Kiseliovas's behalf, attorney Sheldon L. Miller appeared on behalf of intervenor VDV, and attorneys Thomas M. Rizzo and Brian J. Gallagher appeared on behalf of Defendant State Farm. VDV's counsel did not clarify that he was seeking permissive intervention under Fed. R. Civ. P. 24(b), as opposed to intervention of right under Fed. R. Civ. P. 24(a), until the hearing. In any case, "[t]imeliness is a threshold issue for both intervention as of right and permissive intervention." *Scott v. Ameritech Pub., Inc.*, 938 F. Supp. 2d 702, 710 (E.D. Mich. 2013).[2] After the Court had an opportunity to examine counsel for the parties on a series of questions, as well as to consider the factors applicable to the timeliness requirement under Fed. R. Civ. P. 24, *see*, *e.g.*, *Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981), it found that intervenor VDV's motion was untimely.[3] The Court based its ruling on a numbers of factors

---

[2] *See also Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011).

[3] Alternatively, the Court noted that at least two of the three counts of the proposed intervening Plaintiff's complaint were futile, including the cause of action for breach of contract (regarding which VDV's counsel admitted there was no privity of contract) and the cause of action for reformation due to mutual mistake of fact (regarding which VDV's counsel admitted to a lack of standing). (*See* DE 26-1.)

2

and findings, *inter alia,* that: **(1)** VDV had actual or constructive notice of this action since at least October 4, 2017 (*see* DE 29-1), was on notice of efforts to adjust this fire loss claim since at least November 23, 2015 (*see* DE 30-2), and, accordingly, was on notice of the need to follow up as to its progess; **(2)** that VDV's principal, sole shareholder and sole officer (Viktoriya Verezhnaya) has evaded efforts to have her deposition taken for several months and filed this motion immediately after the deadline for taking her deposition had expired, after the discovery and dispositive motion deadlines had passed, and on the eve of the final pretrial conference and trial; **(3)** that VDV's principal, sole shareholder and sole officer seemingly continues to be unavailable to provide in-person deposition testimony or to appear at trial and, to date, has not even provided her address in Russia to VDV's own counsel; and, **(4)** the existing party – Plaintiff Kiseliovas - adequately represents VDV's interest in this matter (*see* Fed. R. Civ. P. 24(a)(2)).

Accordingly, for all of the reasons stated on the record at the April 23, 2018 hearing, each of which is incorporated herein by reference, VDV's March 29, 2018 motion to intervene (DE 23) is **DEEMED MOOT**, and VDV's April 6, 2018 amended motion to intervene (DE 26) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 24, 2018           s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 24, 2018, electronically and/or by U.S. Mail.

                                                  s/Michael Williams
                                                  Case Manager for the
                                                  Honorable Anthony P. Patti